## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

JOHN WALLER, as Personal
Representative of the Estate of Judith
Davis

      Plaintiff,

v.

STATE FARM FIRE AND CASUALTY
COMPANY and TODD BROWN,

      Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. 25-cv-00448-SH

## OPINION AND ORDER

Before the Court is Plaintiff's motion to remand, asserting lack of complete diversity and, therefore, lack of subject-matter jurisdiction.[1]  Because the Court finds Defendant Todd Brown was fraudulently joined, the motion to remand will be denied.  As Brown is not properly joined to this lawsuit, his separate motion to dismiss is moot.

## Background

Plaintiff's suit relates to an insurance policy that covered the home of Decedent Judith Davis ("Davis") during a storm in 2023.  Plaintiff asserts that the actions of Defendant State Farm Fire and Casualty Company ("State Farm") and Defendant Todd Brown ("Brown") resulted in State Farm paying Davis far less than the cost necessary to repair or replace her damaged roof following the storm.  (Dkt. No. 2-1 ¶ 40.)  Against State Farm, Plaintiff asserts claims of (1) breach of contract, (2) bad faith, and (3) constructive fraud.  (*Id.* ¶¶ 45–59, 67–79.)  Against Brown, Plaintiff asserts claims of (1) negligent procurement and (2) constructive fraud.  (*Id.* ¶¶ 60–79.)

---

[1] The parties have consented to the jurisdiction of a U.S. Magistrate Judge for all purposes under 28 U.S.C. § 636(c)(1) and Fed. R. Civ. P. 73(a).  (Dkt. No. 22.)

Davis was a citizen of Oklahoma, as is Brown.  (*E.g.,* Dkt. Nos. 21, 24.)  State Farm is a citizen of Illinois.  (*E.g.,* Dkt. No. 4.)  Nevertheless, State Farm removed the action to this Court, arguing Brown was fraudulently joined as a defendant.  (Dkt. No. 2.)  Plaintiff now moves to remand.[2]  (Dkt. No. 25.)

### Analysis

### I.    Diversity Jurisdiction & Fraudulent Joinder

"Federal courts are courts of limited jurisdiction and generally can resolve only the cases that Congress grants them power to hear."  *Hain Celestial Grp., Inc. v. Palmquist*, 146 S. Ct. 724, 728 (2026).  One such class of cases involves diversity of the parties.  *Id.* To exercise diversity jurisdiction, the matter in controversy must exceed $75,000, and "complete diversity between all plaintiffs and all defendants" must exist.  *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005); *see also* 28 U.S.C. § 1332(a).  "Complete diversity is lacking when any of the plaintiffs has the same residency as even a single defendant." *Dutcher v. Matheson*, 733 F.3d 980, 987 (10th Cir. 2013).

Where there is diversity, a non-resident defendant may remove the case to federal court.  28 U.S.C. § 1441(a), (b)(2).  "The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction."  *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002).

---

[2]  Brown has also moved to dismiss.  (Dkt. No. 15.)  As the Court determines Brown has been fraudulently joined, it will dismiss the claims against him without prejudice and will not address his motion.  *See Anderson v. Lehman Bros. Bank, FSB*, 528 F. App'x 793, 796 & n.2 (10th Cir. 2013) ("Once it determined [the defendant] had been fraudulently joined, . . . the district court lacked jurisdiction to enter judgment on the merits on the claims against him.  Rather, it was required to dismiss him from the case without prejudice.") Unpublished decisions are not precedential, but they may be cited for their persuasive value.  10th Cir. R. 32.1(A).

The right of a defendant to remove "cannot be defeated by a fraudulent joinder of a resident defendant having no real connection with the controversy." *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921) (citation modified).  A defendant may show fraudulent joinder by demonstrating "either: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Dutcher*, 733 F.3d at 988 (citation modified); *see also Smoot v. Chicago, Rock Island & Pac. R.R. Co.*, 378 F.2d 879, 882 (10th Cir. 1967) ("joinder of a resident defendant against whom no cause of action is stated is patent sham, and though a cause of action be stated, the joinder is similarly fraudulent if in fact no cause of action exists" (citation modified)).

"In many cases, removability can be determined by the original pleadings and normally the statement of a cause of action against the resident defendant will suffice to prevent removal." *Dodd v. Fawcett Publications, Inc.*, 329 F.2d 82, 85 (10th Cir. 1964). "But upon specific allegations of fraudulent joinder the court may pierce the pleadings, consider the entire record, and determine the basis of joinder by any means available." *Id.* (citation modified).  A defendant "seeking removal bears a heavy burden of proving fraudulent joinder, and all factual and legal issues must be resolved in favor of the plaintiff." *Dutcher*, 733 F.3d at 988 (citation modified).

## II.   Factual Background

### A.   Procurement of the Policy

At some point prior to June 2023, Davis contacted Brown to purchase a dwelling

insurance policy.[3]  (Dkt. No. 2-1 ¶¶ 5, 25(a).)  Brown owns and operates a captive State Farm agency in Broken Arrow, Oklahoma, and is an agent of State Farm.  (*Id.* ¶ 7.)  Davis disclosed unspecified "concerns and insurance needs" to Brown and requested he procure "full replacement cost" coverage for her property.  (*Id.* ¶ 25(a)–(b).)  Plaintiff asserts that "given Oklahoma's extreme weather, Agent [Brown] was aware that [Davis] needed full replacement cost coverage under a policy that would fully replace the Insured Property's roof in the event of a loss without exclusion of any weather-related losses."  (*Id.* ¶ 25(b).)

Plaintiff then concludes that, by "marketing, selling, procuring, and binding full replacement cost coverage," Brown necessarily must have "independently established, calculated, and set the Policy's replacement cost value and resultant policy coverage limits."  (*Id.* ¶ 25(c).[4])  Plaintiff also concludes that, by the very act of procuring the policy, Brown "represented to [Davis] that the Insured Property met State Farm's underwriting guidelines and qualified for the full replacement cost coverage . . . ."  (*Id.* ¶ 25(d).)  Brown never inspected the property or verified its condition; never told Davis the property was ineligible for full replacement cost coverage; and never told Davis the property had any condition that would exclude it from full replacement cost coverage.  (*Id.* ¶ 26.)

---

[3] The annual policy, issued effective June 8, 2023, was an "Automatic Renewal" policy (Dkt. No. 29-1 at 5), so it appears Davis obtained the original policy at least one year earlier.  In its briefing, State Farm asserts Davis applied for the original policy in 1992 (Dkt. No. 29 at 7), but State Farm provides no evidence for this date.

[4] Plaintiff argues that, under Oklahoma law, each annual issuance of the policy—"whether it be the inception of coverage . . . or the subsequent renewal"—involves selling, procuring, and binding coverage.  (*Id.* at 3 n.2.)

The 2023 policy at issue included coverage for accidental direct physical loss to the dwelling and provided for replacement cost loss settlement. (*See* Dkt. No. 29-1 at 29, 35–36.[5]) The policy also included a $304,800 limit on dwelling coverage. (*Id.* at 6.)

### B.    The Scheme

Plaintiff alleges that State Farm has a scheme to wrongfully deny State Farm "insureds' claims for damage to their covered property caused by wind and/or hail." (Dkt. No. 2-1 ¶ 3.) To accomplish this scheme, State Farm tells insurance adjusters that roof damage is "not hail or it's not new hail," or tells adjusters to "call it wear and tear and deny [the] claim." (*Id.* ¶ 4(f); *see also id.* ¶ 4(h).) State Farm's agents, including Brown, know about this scheme but do not disclose it to insureds like Davis. (*Id.* ¶ 4(c).) This results in coverage that is "illusory" and which deviates "substantially and materially from that which Plaintiff requested." (*Id.* ¶ 63(a)(i)–(ii).)

### C.    Plaintiff's Loss

On June 17–18, 2023, Davis's home was damaged by a significant storm that included wind and hail. (*Id.* ¶ 40(a).) The property suffered shingle damage across its entire roof, requiring full replacement, and suffered the destruction of gutters, facets, exterior windows, landscaping, and personal property. (*Id.*) There was an "obvious need for a full roof replacement following the storm . . . ." (*Id.* ¶ 40(i).)

Davis timely submitted a claim to State Farm. (*Id.* ¶ 40(b).) On July 25, 2023, State Farm sent an adjuster to inspect Davis's property. (*Id.* ¶ 40(d).) The adjuster "conducted a poor inspection" and misattributed most of the damage to "pre-existing damage/conditions (*e.g.*, wear-and-tear, pre-existing damage, and/or manufacturers'

---

[5] Page numbers refer to those in the court-provided header.

defect, etc." (*Id.* ¶ 40(d)–(e).)  Even after Davis asked for a reconsideration, State Farm estimated the damages to be $7,654.98, of which only $1,347.70 was allocated to roof shingles.  (*Id.* ¶ 40(h).)  This was far less than the cost of a full roof replacement.  (*Id.* ¶ 40(f).)

### III.    Fraudulent Joinder—Actual Fraud

On removal, State Farm first argues the Court can disregard Brown's citizenship because Plaintiff has committed actual fraud.  (Dkt. No. 29 at 8–14.)

State Farm primarily argues actual fraud by pointing to other cases finding that complaints filed by Plaintiff's counsel contained manufactured facts, as well as to the cookie-cutter nature of the pleadings in this case compared to other cases.  (*Id.* at 9–12.)  The Court, however, cannot make a finding of actual fraud in this case based on other cases.  Other courts did not find that Plaintiff or his counsel are necessarily committing actual fraud in every case, and their decisions are not binding.  *See* 18 Moore's Federal Practice - Civil § 134.02[1][d] (2026).  Nor is the cookie-cutter nature of the pleadings inherently indicative of fraud.  *See, e.g.*, *Whitby v. State Farm Fire & Cas. Co.*, No. 23-CV-00073-GKF-MTS, 2023 WL 11763365, at *4 (N.D. Okla. Aug. 21, 2023) (rejecting a "side-by-side comparison of cases" as sufficient to dismiss the plaintiff's allegations as a sham); *Slater-Martin v. State Farm Fire & Cas. Co.*, No. 25-CV-449-MTS, 2026 WL 66798, at *3 (N.D. Okla. Jan. 8, 2026) (same).

State Farm also argues that the procedural history of this case shows actual fraud.  (Dkt. No. 29 at 12.)  Here, Davis originally sued State Farm alone, asserting only contract and bad faith claims.  (Dkt. No. 29-4.)  Davis voluntarily dismissed the first case in 2024 (Dkt. No. 29-5) and died a few months later, in February 2025 (Dkt. No. 36).  Four months after Davis's death, new counsel filed the current case in her name, adding Brown and the

fraud allegations. (Dkt. No. 2-1.) Counsel did not acknowledge that their client was dead until after defense counsel pointed it out.

It is true that these circumstances, coupled with the events in other cases, may raise suspicions about the investigation made into Davis's case before filing claims on her behalf. But State Farm did not seek to perform jurisdictional discovery and, instead, wants this Court to simply rely on innuendo to find that the addition of Brown to this case was an actual fraud. The Court will not do so.

## IV.    Fraudulent Joinder—Inability to Establish a Claim

State Farm may still show fraudulent joinder if it can "demonstrate that there is no possibility that plaintiff would be able to establish a cause of action against the joined party in state court."[6] *Montano v. Allstate Indem.*, 211 F.3d 1278 (table), 2000 WL 525592, at *1 (10th Cir. April 14, 2000) (unpublished) (citation modified); *see also Smoot*, 378 F.2d at 882 ("the issue must be capable of summary determination and be proven with complete certainty"). "This standard is more exacting than that for dismissing a claim under Fed. R. Civ. P. 12(b)(6); indeed, the latter entails the kind of merits determination that, absent fraudulent joinder, should be left to the state court where the action was commenced." *Montano*, 2000 WL 525592, at *2. Remand is "required if any

---

[6] In another unpublished case, the Tenth Circuit stated in dicta that to determine fraudulent joinder, a "court must decide whether there is a reasonable basis to believe the plaintiff might succeed in at least one claim against the non-diverse defendant." *Nerad v. AstraZeneca Pharms., Inc.*, 203 F. App'x 911, 913 (10th Cir. 2006) (noting "the claim need not be a sure-thing, but it must have a basis in the alleged facts and the applicable law"). Some courts consider this standard as compatible with that in *Montano*. *See, e.g.*, *Willard v. State Farm Fire & Cas. Co.*, No. CIV-25-337-SLP, 2025 WL 2419274, at *3 (W.D. Okla. Aug. 21, 2025). Others have treated *Montano* and *Nerad* as inherently incompatible. *See, e.g.*, *Mayes Cnty. FOP Lodge #116, Inc v. Farmers Ins. Exch.*, No. 19-CV-687-JED-FHM, 2020 WL 6136236, at *3 (N.D. Okla. Oct. 19, 2020). To the extent the standards are conflicting, the undersigned will apply the more rigorous standard in *Montano*.

one of the claims against the non-diverse defendant . . . is possibly viable." *Id.; see also Smoot*, 378 F.2d at 882 (the court will not "pre-try . . . doubtful issues of fact to determine removability"). "A claim which can be dismissed only after an intricate analysis of state law is not so wholly insubstantial and frivolous that it may be disregarded for purposes of diversity jurisdiction." *Brazell v. Waite*, 525 F. App'x 878, 881 (10th Cir. 2013) (citation modified).

The Court turns to whether State Farm has shown that the claims against Brown have no possibility of success.

### A.    Negligent Procurement of Insurance

Oklahoma courts have found that an "agent has the duty to act in good faith and use reasonable care, skill and diligence in the procurement of insurance and an agent is liable to the insured if, by the agent's fault, insurance is not procured as promised and the insured suffers a loss." *Swickey v. Silvey Companies*, 1999 OK CIV APP 48, ¶ 13, 979 P.2d 266, 269. "This duty rests, in part, on specialized knowledge about the terms and conditions of insurance policies generally." *Rotan v. Farmers Ins. Grp. of Companies, Inc.*, 2004 OK CIV APP 11, ¶ 2, 83 P.3d 894, 895 (citation modified). Even so, "insurance companies and their agents do not have a duty to advise an insured with respect to his insurance needs." *Id.* (citation modified).

> To discharge their duty to act in good faith and use reasonable care, skill, and diligence in the procurement of insurance, including use of their specialized knowledge . . ., insurance agents *need only offer coverage mandated by law and coverage for needs that are disclosed by the insureds*, and this duty is not expanded by general requests for "full coverage" or "adequate protection."

*Id.* ¶ 3, at 895. Courts applying Oklahoma law have found that a request for "replacement coverage" can trigger a negligent procurement claim, because the term "connotes a

specific type of coverage." *See Rains v. CSAA Fire & Cas. Ins. Co.*, No. 20-CV-0400-CVE-FHM, 2020 WL 6729085, at *6 (N.D. Okla. Nov. 16, 2020) (distinguishing this from inadequate requests for "full coverage" or "adequate protection").

Here, reading all factual allegations in Plaintiff's favor, Davis received the "specific type of coverage" she requested—replacement coverage. (*See, e.g.*, Dkt. No. 2-1 ¶ 5 ("Plaintiff entered into a contract of insurance with State Farm to provide replacement cost coverage for the Insured Property"), ¶ 27 (Brown "marketed, sold, procured, and bound full replacement cost coverage without limitation," and "State Farm issued the Policy"), ¶¶ 31–32 ("State Farm's form policy affords coverage for the property in question for damage resulting from hail because hail damage is not expressly excluded from coverage," and the policy "speaks only to 'accidental direct physical loss' . . . with no other limitation" for weather-related events); *see also* Dkt. No. 29-1 at 29, 34–35.) Indeed, this is the basis of Plaintiff's claims against State Farm. (*E.g.,* Dkt. No. 2-1 ¶¶ 48, 50.)

Yet, Plaintiff argues Brown committed negligent procurement when he procured Davis's policy—or, more accurately, allowed it to renew—despite his knowledge of State Farm's scheme to underpay on claims. Accepting Plaintiff's arguments would expand negligent procurement beyond the narrow contours recognized by Oklahoma courts like *Swickey* and *Rotan*. *See, e.g.*, *Cosper v. Farmers Ins. Co.*, 2013 OK CIV APP 78, ¶ 9, 309 P.3d 147, 149 (declining to extend law to impose a duty to provide an adequate amount of coverage); *Kutz v. State Farm Fire & Cas. Co.*, 2008 OK CIV APP 60, ¶¶ 15–17, 189 P.3d 740, 744–45 (declining to expand the duty to procure into a duty to maintain coverage); *see also Layer v. State Farm Fire & Cas. Co.*, No. 25-CV-401-JDR-MTS, 2026 WL 265805, at *3 (N.D. Okla. Feb. 2, 2026) (declining to extend claim to "the failure to conduct an inspection, identify applicable exclusions, or determine whether a particular

9

policy met the insured's needs"). As such, there is no possibility that Plaintiff could establish a cause of action against Brown on these facts.[7]

## B.    Constructive Fraud and Negligent Misrepresentation

"Constructive fraud is a breach of either a legal or equitable duty and does not necessarily involve any moral guilt, intent to deceive, or actual dishonesty of purpose." *Sutton v. David Stanley Chevrolet, Inc.*, 2020 OK 87, ¶ 11, 475 P.3d 847, 853; *see also* Okla. Stat. tit. 15, § 59. Plaintiff argues Brown committed constructive fraud by choosing to speak but selectively disclosing facts—"once Brown *chose* to represent to Plaintiff that the condition of the insured property was sufficient for coverage under a State Farm policy, his duty to do so honestly arose." (Dkt. No. 25 at 25.) Under Oklahoma law,

> 1) where there is no duty to speak,[8] if a person undertakes to speak, he or she must disclose all known facts; 2) where the speaker is under a duty to say nothing or to tell the whole truth, a duty to tell the whole truth may arise from partial disclosure; and 3) one conveying a false impression by disclosing some facts and concealing others is guilty of fraud, even though the statement is true as far as it goes, the concealment is in effect a false representation that what is disclosed is the whole truth.

---

[7] The undersigned is, therefore, persuaded by those cases finding fraudulent joinder in similar circumstances. *See, e.g.*, *Lewis v. State Farm Fire & Cas. Co.*, No. 25-CV-0274-CVE-MTS, 2026 WL 179888, at *4 (N.D. Okla. Jan. 22, 2026) ("It is well-settled law that an agent is not liable for negligent procurement when, as here, State Farm denied the claim not because of the type of policy the agent procured, but because it determined that the plaintiff's roof did not sustain a covered loss." (citation modified)); *Cisneros v. State Farm Fire & Cas. Co.*, No. CIV-25-42-R, 2025 WL 1151685, at *3 (W.D. Okla. Apr. 18, 2025) ("This is not a situation where Plaintiffs' insurance claim was denied because the type of policy, type of coverage, or coverage limit was different than what was requested."), *recons. denied*, 2025 WL 1841864 (W.D. Okla. July 2, 2025).

[8] Plaintiff does not allege that Brown owed Davis a fiduciary duty or otherwise had an independent duty to speak. *See Swickey*, 1999 OK CIV APP 48, ¶ 12, 979 P.2d at 269 ("There are no Oklahoma cases holding that an insurance agent owes a fiduciary duty to a prospective insured, or to an established customer with respect to procurement of an additional policy.").

*Croslin v. Enerlex, Inc.*, 2013 OK 34, ¶ 16, 308 P.3d 1041, 1047.  Once a plaintiff has demonstrated that a duty exists and that there was some misstatement or omission, they may recover for constructive fraud if there is also materiality, reliance, and damages. *Specialty Beverages, L.L.C. v. Pabst Brewing Co.*, 537 F.3d 1165, 1180–81 (10th Cir. 2008) (applying Oklahoma law).

The primary problem with Plaintiff's argument is that there are no factual allegations regarding representations made by Brown to Davis.  Instead, Plaintiff alleges that agents like Brown take actions; for example, they "market, sell, procure, bind, and renew State Farm insurance coverage . . . ."  (Dkt. No. 2-1 ¶ 4(a) (footnote omitted).)  Plaintiff then concludes that, by taking these actions, the agents "expressly and/or impliedly" make representations.  (*Id.*)  That is, Plaintiff's infer from actions necessarily occurring every time coverage is bought or renewed a wide array of incredibly specific "inherent representation[s]" made by the agent.  (*Id.*)  These include (1) that the property meets State Farm's underwriting requirements; (2) that the coverage limits are accurate and commensurate with actual reconstructive costs and represent 100% of the property's insurance to value; (3) that property inspections have occurred; (4) that the roof is eligible for comprehensive full replacement cost coverage and such coverage has been procured; and (5) that weather-related damages, even cosmetic damages, are fully covered.  (*Id.* ¶¶ 4(a); 25(d); 27; 73(a), (d)–(e).)  But these assertions in the petition are conclusions, not allegations of fact.  Plaintiff does not provide allegations of fact that would support such inferences, even if all inferences are construed in Plaintiff's favor.  There are no allegations of fact supporting an argument that Brown made affirmative statements

11

giving rise to a duty to speak the whole truth or avoid a false impression.[9]  The Court, therefore, finds persuasive those cases refusing to find constructive fraud based on similar "inherent or implied" representations.  *See, e.g.*, *Wilder v. State Farm Fire & Cas. Co.*, No. CIV-25-00092-JD, 2025 WL 2918045, at *5 (W.D. Okla. Oct. 14, 2025).

Considering the above, the Court finds there is no possibility Plaintiff can establish a cause of action in state court against Brown.[10]  State Farm has, therefore, satisfied its heavy fraudulent joinder burden, and the Court may disregard Brown for jurisdictional purposes.  Pursuant to 28 U.S.C. § 1332(a), jurisdiction over Plaintiff's claims against State Farm is proper.  For these reasons, Plaintiff's motion to remand will be denied and Brown will be terminated as a party.

---

[9] It also does not appear that Plaintiff alleges facts indicating that such representations would have been false or incomplete, or resulted in damages to Davis, had they been made.  "Even if [the agent] made the statements plaintiff imputes to him, plaintiff fails to establish a nexus between [the agent's] representations regarding her policy's coverage and State Farm's coverage determination that the hail storm caused minimal damage to her roof . . . ."  *Lewis*, 2026 WL 179888, at *5; *see also Layer*, 2026 WL 265805, at *3 (finding no possibility of fraud claim where "Plaintiffs have not pointed to any damages caused by" the representations regarding full replacement cost coverage and meeting underwriting standards); *Wilder v. State Farm Fire & Cas. Co.*, No. CIV-25-00092-JD, 2025 WL 2918045, at *6 (W.D. Okla. Oct. 14, 2025) ("Plaintiff's damages stem from State Farm's calculation of the repairs to her property, not from Plaintiff's lack of coverage related to the . . . alleged misrepresentations.")

[10] In his motion to remand, Plaintiff asks for leave to amend if "the Court finds the Petition does not state a claim for which relief can be granted . . . ."  (Dkt. No. 25 at 28.)  First, as discussed above, the Court is not finding a failure to state a claim but is, instead, finding no possibility Plaintiff can establish a cause of action based on the petition.  Second, Plaintiff is asking for leave to amend the petition in an effort to deprive the Court of jurisdiction it currently has.  *Cf., e.g.*, 28 U.S.C. § 1447(e) ("If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court.").  As Plaintiff's petition was 41 pages long and failed to come close to alleging a cognizable claim against Brown, the Court declines to exercise its discretion to allow amendment here.

## Conclusion

IT IS THEREFORE ORDERED that *Plaintiff's Motion to Remand* (Dkt. No. 25) is DENIED. Plaintiff's claims against Todd Brown are DISMISSED WITHOUT PREJUDICE. *Defendant Todd Brown's Motion to Dismiss* (Dkt. No. 15) is DENIED AS MOOT.

ORDERED this 30th day of March, 2026.

_____
SUSAN E. HUNTSMAN, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT